IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID PRENATT,                           No. CIV.S-06-1633 GEB DAD PS

      Plaintiff,

  v.                                     ORDER

G.W. WILLIAMS CO., et al.,

      Defendants.
_____/

      Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

      The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any

1

time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  Furthermore, the court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's complaint fail to state a claim for relief.  Plaintiff's complaint seeks appellate review of state court proceedings, presumably in an unlawful detainer action in which plaintiff was involved.  The complaint specifically prays that this court find null and void a string of state court decisions which led to plaintiff's eviction from his apartment in Sacramento.  However, the federal district court does not have jurisdiction to review errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S.

462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).

Additionally, plaintiff's complaint is brought under 42 U.S.C. § 1983. The events apparently complained of arise from plaintiff's tenancy during the period 1987 to 1997, with plaintiff's eviction occurring on December 5, 1997. Thus, the most recent event giving rise to this action took place more than eight years prior to the filing of plaintiff's complaint. Any § 1983 claim arising from those events would appear to be untimely under the applicable one-year statute of limitations.[1] See Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)(statute of limitations for § 1983 claim is governed by period set forth in state tort law for personal injury actions).

Finally, the complaint names at least one Commissioner of the Sacramento County Superior Court. That defendant, and the numerous other judicial officers mentioned in the complaint, would appear to be entitled to absolute judicial immunity with respect to plaintiff's claim against them. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Meek v. County of Riverside, 183 F.3d 962, 965-68 (9th Cir. 1999); Partington v. Gedan, 961 F.2d 852, 866-67 (9th Cir. 1992).

Because of these deficiencies, plaintiff's complaint must be dismissed. Nonetheless, out of an abundance of caution the court

---

[1] California's personal injury statute of limitations applicable to § 1983 actions changed from one year to two years effective January 1, 2003. See Cal. Civ. Proc. Code § 335.1.

3

will grant leave to file an amended complaint.  If plaintiff chooses to amend the complaint, he must set forth the grounds upon which the court's jurisdiction depends.  Moreover, the amended complaint must include clear and concise factual allegations describing the events which underlie plaintiff's claims.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the initial complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Any amended pleading which fails to provide the necessary factual description will likely be dismissed.

Plaintiff is forewarned that the failure to file an amended complaint which complies with this order will result in a recommendation that this action be dismissed.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

/////

4

1        3.   Plaintiff is granted twenty (20) days from the date of service of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint, if any, must bear the docket number assigned this case and must be labeled "Amended Complaint".  Plaintiff must file an original and two copies of the amended complaint.

DATED: December 20, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

```
DAD:th
Ddadl\orders.prose\prenatt1633.ifp.lta
```

5