IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID PRENATT,

      Plaintiff,                            No. CIV S-06-1633 GEB DAD PS

    vs.

G.W. WILLIAMS CO., et al.,          FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

        Plaintiff is proceeding pro se with this action challenging proceedings that took place in the state courts in 1997. The action was referred to the undersigned pursuant to Local Rule 72-302(21) and 28 U.S.C. § 636(b)(1). By order filed December 21, 2006, the undersigned granted plaintiff's application to proceed in forma pauperis and dismissed plaintiff's complaint with leave to amend. Plaintiff's timely filed amended complaint is before the court.

        The undersigned previously advised plaintiff that the district court is required to dismiss a case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). As the court explained, a complaint should be dismissed for failure to state a claim if it appears that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners

1  Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the
2  court accepts as true the allegations of the complaint.  Hosp. Bldg. Co. v. Rex Hosp. Trustees,
3  425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to
4  the plaintiff and resolves doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.
5  411, 421 (1969).

6      The undersigned found that the allegations of plaintiff's initial complaint failed to
7  state a claim because plaintiff sought federal court review of state court proceedings in an
8  unlawful detainer action.  The initial complaint prayed that the district court find null and void a
9  string of state court decisions which led to plaintiff's eviction from his apartment in Sacramento
10 in 1997.  Plaintiff was advised that the federal district court does not have jurisdiction to review
11 errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462,
12 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).

13     Additionally, the undersigned noted that plaintiff's initial complaint was brought
14 under 42 U.S.C. § 1983.  The events complained of appeared to arise from plaintiff's tenancy
15 between 1987 to 1997, with eviction occurring on December 5, 1997.  Thus, the most recent
16 event giving rise to this action took place more than eight years prior to the filing of plaintiff's
17 complaint.  Plaintiff was advised that any § 1983 claim arising from those events appeared to be
18 untimely under the applicable one-year statute of limitations.[1]  See Fink v. Shedler, 192 F.3d 911,
19 914 (9th Cir. 1999) (statute of limitations for § 1983 claim is governed by period set forth in state
20 tort law for personal injury actions).

21     Finally, the undersigned found that plaintiff's initial complaint named at least one
22 Commissioner of the Sacramento County Superior Court.  Plaintiff was advised that the
23 commissioner and the numerous other judicial officers mentioned in the complaint appear to be
24 entitled to absolute judicial immunity with respect to plaintiff's claims against them.  See Mireles

---

[1] California's personal injury statute of limitations applicable to § 1983 actions changed from one year to two years effective January 1, 2003.  See Cal. Civ. Proc. Code § 335.1.

1  v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S.
2  547 (1967); Meek v. County of Riverside, 183 F.3d 962, 965-68 (9th Cir. 1999); Partington v.
3  Gedan, 961 F.2d 852, 866-67 (9th Cir. 1992).

        A comparison of plaintiff's amended complaint with the initial complaint reveals few amendments.  Paragraph 2 now alleges that plaintiff's eviction occurred in 1997 rather than 1987.  In paragraph 23, plaintiff now alleges that defendant Thorbourne acted *ultra vires* when he denied plaintiff a jury trial and heard the unlawful detainer case on October 16, 1997.  In paragraph 24, plaintiff now alleges an additional detail about the manner of service declared by defendant Trauernicht during the trial on October 16, 1997.  In paragraph 38, plaintiff now alleges that "sometime after December 5, 1997," defendants removed his personal property from his former apartment.  In the amended complaint, plaintiff has also reversed the order of paragraphs 39 and 40, added paragraphs 41 and 42, and renumbered the paragraphs that previously followed paragraph 40.  In new paragraphs 41 and 42, plaintiff alleges that the state courts "refused to address the constitutional issues that are the essence of the present complaint."

        Plaintiff's minor amendments have not cured the defects of his initial complaint. The undersigned finds that the allegations in the amended complaint fail to state any federal claim for relief.  All of plaintiff's § 1983 claims should be dismissed for failure to state a claim upon which relief may be granted and for having been brought against defendants who are either entitled to immunity or are not persons acting under color of state law for purposes of § 1983.

        Given plaintiff's failure to cure the defects of his pleading, it appears that granting further leave to amend would be futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). The undersigned will therefore recommend that plaintiff's § 1983 claims be dismissed for failure to state a claim and that plaintiff's supplemental state claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3), which authorizes the district court to decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction.

IT IS HEREBY RECOMMENDED that plaintiff's federal claims be dismissed with prejudice for failure to state claim on which relief may be granted and that plaintiff's supplemental state claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\prenatt1633.amcmplt.f&r

4